J. U. HEITSMAN, ET AL., v. E. S. WINDAHL, Appellant.

**Cancellation of instruments:** FRAUD: EVIDENCE. A party to a written instrument, who is mislead as to its contents by the act of the other party in reading it to him differently than as written, with knowledge that such reading is relied upon, may have relief on the ground of fraud. Evidence reviewed and held to show fraud.

*Appeal from Poweshiek District Court.*— HON. JOHN T. SCOTT, Judge.

TUESDAY, OCTOBER 18, 1904.

ACTION by plaintiffs, husband and wife, for cancellation of a contract and deed for the conveyance of a tract of land, including plaintiffs' homestead, on the ground of fraud, and to quiet title in plaintiffs. On issue joined as to the truth of the averments of plaintiffs' petition, the court rendered a decree for plaintiffs, canceling the contract and deed and quieting title in plaintiffs, subject, however, to a lien in defendant's favor for $198 paid by defendant to plaintiff, J. U. Heitsman, at his request, partly in cash and partly by satisfaction of certain indebtedness of his due to others. Defendant appeals.— *Affirmed.*

*S. V. Reynolds* and *J. W. Carr,* for appellant.

*Bolton & McCoy* and *Bolton & Bolton,* for appellees.

McClain, J.— Written instruments introduced in evidence, the genuineness of the signatures to which is not seriously questioned, tend to show that plaintiffs entered into a contract on May 19, 1902, to sell their farm of eighty acres to one Carson for $3,500, of which sum $500 was to be paid in cash and the balance on May 24th, on delivery of deed, possession, however, to remain in plaintiffs until March 1st following; that on May 21st this contract was canceled by the parties by writing indorsed on the back thereof; that on the same day plaintiffs entered into a written contract to sell the same farm to the defendant for $2,668, to be paid when title was perfected, except $1,000, which was to be withheld until surrender of possession to defendant on or before March 1st following, it being stipulated that defendant, out of the sum to be paid on perfecting title, should satisfy all liens and incumberments on the premises; that on the same day (May 21st) plaintiffs executed to defendant a warranty deed for the premises, naming a consideration of $2,668, which deed was at once recorded; that on the same day a note for $50 was executed by plaintiffs to defendant; and that on May 23d plaintiff, J. U. Heitsman, receipted to defendant for $198 to be applied on the purchase of the farm. It is conceded on both sides that on May 21st defendant, with Carson, who was the purchaser named in the written contract made two days before, one Sexton, who was a notary public and defendant's agent, and one Crowder, came to plaintiffs' house and negotiated for the purchase of the farm, and that on this occasion the contract of sale and the deed to defendant were executed, and the contract with Carson was canceled. J. U. Heitsman testified that, as he could read writing with difficulty, Sexton at his request read the contract to him, and then reread it twice at Mrs. Heitsman's request, and that each time he read the amount to be paid as $3,600; and in this he is fully corroborated by Mrs. Heitsman and their son Ernest, both of whom were present. He also testified that the deed was to be deposited in a bank until defendant made

payment.    Defendant and Sexton testified that the contract was read as it now appears to be written, and that the deed was by Heitsman's direction to be recorded at once.

While, as matter of law, a party to a written contract cannot say that he is not bound by its terms as written, because he neglected to read it, and therefore was not aware of its contents at the time of execution, yet, on the other hand, if he is misled as to the contents by the act of the other party in reading it to him otherwise than written, and with knowledge that the reading is relied upon for information as to the contents, then the party thus misled may have relief on the ground of fraud.    1 Bigelow, Fraud, 525.    The cases relied on by the appellant's counsel are those in which it has been held that a party executing a contract, with full opportunity to advise himself of its contents, cannot have relief as against its provisions on the ground that the other party misrepresented the terms or their effect.    It is shown by the evidence that J. U. Heitsman borrowed the notary's glasses in order to sign the contract, and it is clear, therefore, that he knew Heitsman was dependent for information as to the contents of the contract on the notary's reading.    It appears that the deed was signed by plaintiffs on assurance from defendant that it corresponded to the contract.

The material question of fact is whether plaintiffs made out, by clear and satisfactory evidence, that the consideration of the contract was read to them as $3,600, instead of $2,-668.    It is plain to us that plaintiffs never intended to sell their farm for $2,668, and that defendant, as a reasonable man, could not have supposed they intended to do so.    He does not pretend that he understood that the sale was made at that price.    He claims that he was simply taking the contract off Carson's hands, and he knew, therefore, that the sale to Carson two days before was for a much larger amount. His explanation is that he was to pay and did pay Carson a sum which, with the $2,668 named in the contract, made the purchase price in reality $3100.    The difficulty with

defendant's account of the transaction is its inconsistency with the conduct of the parties and its incredibility. He asked the court to believe plaintiffs were in fact receiving at least $3,100 for their farm, and yet, without objection or explanation, signed a contract and a deed in which the price was stated as $2,668. He does not pretend that anything was ever said between him and the plaintiffs as to why $2,-668 was inserted in the instruments, or as to any payment or note previously received by plaintiffs from Carson, or as to any amount which he (defendant) was to pay to Carson. There is no evidence that the sum of $432, which defendant testified he subsequently paid to Carson, corresponded to an amount agreed to be paid by defendant to Carson on plaintiffs' account. Defendant and the notary testified that plaintiffs gave Carson a receipt, and according to defendant's testimony the amount named therein was $332; but there is not the slightest showing that the plaintiffs understood that this sum, or any other, was to be paid by defendant to Carson as part payment to plaintiffs of the real purchase price of the farm. Indeed, defendant seems to have been so oblivious of the importance of this part of the transaction that it did not occur to him to speak of it until he was subsequently recalled as a witness to testify that later he paid Carson $432, of which payment no written receipt or other evidence was introduced. When J. U. Heitsman went to New Sharon, the second day after the transaction, for the purpose of settling up with defendant, he found that Carson had left for parts unknown, and the deed had been recorded by defendant; and Heitsman was then induced by defendant to execute a receipt for $198, a small part of which sum was cash, and the balance credit for notes of his taken up by defendant. That portion of the remainder of the purchase price which was to be paid in cash, accepting defendant's theory was not tendered; but in his pleading defendant offers to pay whatever may be found to be due.

It must be admitted, on the other hand, that the testi-

mony of plaintiffs and their son is inconsistent in some respects with facts which seem to be reasonably well established. Plaintiffs testified that Carson was their agent for the sale of their farm for $3,600, but they deny that anything was said about paying his commission when the sale to defendant was made. They did not satisfactorily explain the contract of sale to Carson for $3,500, although they practically admitted that their signatures to that contract were genuine. They denied executing the note for $50, which is in evidence, the signatures to which appear to be confessed as genuine, and which defendant testified was given to him as a receipt for that sum paid to them when the contract and deed were executed; but defendant gave no reasonable explanation as to why he took a note, instead of a receipt. As to the pivotal matter, however — that is, the amount of the consideration named in the contract of sale to defendant — plaintiffs' testimony, supported by that of their son, is far more credible than that of the defendant and the notary, his agent. Crowder's testimony is not corroborative of defendant's as to the essential facts. If defendant is to be believed, he thought he was purchasing for $3,100 a farm which had two days before been sold to Carson for $3,500, without any reason or explanation for the reduction in price; for he disclaims any knowledge of a $500 note given by Carson to the plaintiffs, and did not undertake to pay such a note, or to pay, either to plaintiffs or to Carson, the difference between $3,100 and the purchase price fixed in the written contract of sale from plaintiffs to Carson. The farm is clearly shown to have been reasonably worth on the market at least $3,600, notwithstanding the attempt of defendant to make it appear that $3,100 was an adequate consideration. Without further discussion of the evidence, it is sufficient to announce the conclusion that the decree was right. If we had any doubt of the sufficiency of the evidence, so far as it depends on the credibility of the witnesses, we would properly give some weight to the conclusion reached by the trial

judge, who had the witnesses before him, and therefore had means of judging their credibility which we do not possess.

A motion to dismiss the appeal, which is submitted with the case, is overruled, because the facts on which it is predicated are not established by the record of any showing made to us.— *Affirmed.*